UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                                      Case No. 16-20457

MUBASHER SHAH,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

Defendant Mubasher Shah pleaded guilty to conspiracy to commit health care fraud and wire fraud, 18 U.S.C. § 1349. (ECF No. 53, Plea Agreement.) On December 12, 2017, Defendant was sentenced to forty-two months imprisonment. (ECF No. 80, Judgment.)

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (ECF No. 93.) He argues that the spread of the Coronavirus Disease (COVID-19) presents a serious medical threat requiring Defendant's early release into society.

A court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The court must also weigh the sentencing factors provided under 18 U.S.C. § 3553(a) and determine if a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement[]" with which courts must comply. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 of the Sentencing Guidelines explains that a defendant

must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons." The category of "Other Reasons" requires a determination from the Director of the Bureau of Prisons ("BOP") that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons" outlined in the other three categories. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). The BOP has released Program Statement 5050.50 to guide its determination of extraordinary and compelling circumstances. Federal Bureau of Prisons, U.S. Department of Justice, Program Statement 5050.50: Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g) (2019).

In all, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines. 18 U.S.C. § 3582(c)(1)(A); U.S. Sentencing Guidelines Manual § 1B.13; *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *2 (E.D. Mich. Jan. 31, 2020) (Leitman, J.) (summarizing compassionate release requirements).

The court notes that Defendant has failed to exhaust his remedies. There are two procedures by which the court may hear motions for compassionate release. First, the BOP can move for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The BOP did not file the current motion and has not provided any endorsement or support.

Second, after the passage of the First Step Act in 2018, Defendant can file a motion on his own. 18 U.S.C. § 3582(c)(1)(A). However, he may do so only "after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [Defendant's] facility, whichever is earlier." *Id.*

Defendant did not allege or present evidence that he exhausted his remedies within the BOP. The government claims Defendant's sister submitted a request for administrative relief on Defendant's behalf a day after Defendant filed his motion. The plain text of 18 U.S.C. § 3582(c)(1)(A) states that Defendant must either complete all administrative appeals or wait thirty days; Defendant has apparently done neither. *Grand Trunk W. R.R. Co. v. U.S. Dep't of Labor*, 875 F.3d 821, 824 (6th Cir. 2017) (quoting *King v. Burwell*, 135 S.Ct. 2480, 2489 (2015)) ("If the statutory language is plain, we must enforce it according to its terms."); *United States v. Alam*, Case No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020) (Cox, J.) (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016)) (denying a motion for compassionate release based upon the outbreak of COVID-19 for failure to exhaust).

Nonetheless, the court will address the merits of Defendant's motion. Defendant fails to present "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). A court in the Eastern District of Michigan has described the

requirements of "'extraordinary' as beyond what is usual, customary, regular, or common," and "'compelling reason' as one so great that irreprovable harm or injustice would result if the relief is not granted." *Sapp*, 2020 WL 515935, at *3 (citations removed).

In his one-page motion, Defendant asserts that he has been diagnosed with diabetes and hypertension. He fears that he may contract COVID-19 at some point, and further that the contraction of COVID-19 will result in serious medical complications. However, speculation as to whether COVID-19 will spread through Defendant's detention facility, FCI Morgantown, whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release. Defendant's current medical conditions are not out of the ordinary, nor does Defendant claim they are fatal or untreatable. There are currently no confirmed cases of COVID-19 in Defendant's facility. The BOP has instituted strict precautions throughout the federal prison system, including shelter-in-place protocols, screening and quarantining all newly arriving detainees, and isolating until medically cleared all symptomatic detainees.[1] Defendant's medical conditions and the risk of contracting COVID-19 do not present "extraordinary and compelling reasons" justifying early release. 18 U.S.C. § 3582(c)(1)(A). Defendant's motion will be denied. Accordingly,

---

[1] Federal Bureau of Prisons, *COVID-19 Action Plan: Phase Five* (Mar. 31, 2020), https://www.bop.gov/resources/news/20200331_covid19_action_plan_5.jsp; Federal Bureau of Prisons, *BOP Implementing Modified Operations* (last visited April 16, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp.

4

IT IS ORDERED Defendant's "Motion for Compassionate Release" (ECF No. 93) is DENIED.

s/Robert H. Cleland /<br>ROBERT H. CLELAND<br>UNITED STATES DISTRICT JUDGE

Dated: April 22, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 22, 2020, by electronic and/or ordinary mail.

s/Lisa Wagner /<br>Case Manager and Deputy Clerk<br>(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-20457.SHAH.CompassionateRelease.RMK.RHC.2.docx